IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-66,795-01






EX PARTE EDDIE LEE GADDIS, JR., Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. D910600AR IN THE 260TH DISTRICT COURT


FROM ORANGE COUNTY






 Per curiam.


O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of burglary of a
building and sentenced to thirty (30) years' imprisonment. 

 Applicant contends inter alia that his parole was improperly revoked because he was denied
the right to confront adverse witnesses at his revocation hearing. Applicant has alleged facts that,
if true, might entitle him to relief. See Morrissey v. Brewer, 408 U.S. 471 (1972). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1997), the trial court is the appropriate forum for findings of fact.

 The trial court may use any means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d), in
that it may order the Texas Board of Pardons and Paroles to file an affidavit listing the dates of
issuance of any parole-revocation warrants, the date of any parole revocation hearing, and the date
Applicant's parole was revoked. The affidavit shall specify whether Applicant was allowed to
confront adverse witnesses at his parole revocation hearing. 

 The trial court may also order depositions, interrogatories or a hearing. In the appropriate
case, the trial court may rely on its personal recollection. Id. If the trial court elects to hold a
hearing, it shall determine whether Applicant is indigent. If Application is indigent and wishes to
be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the
hearing. Tex. Code crim. Proc. Art. 26.04.

 The trial court shall make findings of fact as to whether Applicant was allowed to confront
adverse witnesses at the parole revocation hearing and, if not, whether good cause for not allowing
confrontation existed. The trial court shall forward all documents relating to Applicant's parole
revocation, including the revocation hearing report, to this Court. The trial court shall also make any
other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition
of Applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 

Filed: March 7, 2007

Do not publish